[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14997

_____

D. C. Docket No. 07-02369-CV-TCB-1

BRYAN GRAHAM,

Plaintiff-Appellant,

versus

WARDEN TONY HENDERSON,
DEPUTY WARDEN MICHAEL NERVO,
LT. JAMES BYRD,
LT. BOWMAN,
OFFICER DARIAN WILLIAMS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 25, 2009)**

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

After review and oral argument, we conclude that the district court erred in granting Defendants' motion to dismiss and in dismissing this 42 U.S.C. § 1983 action without prejudice. Here, Plaintiff filed an informal grievance on May 16, 2008, but Defendants never responded and never gave Plaintiff a formal grievance form, despite the fact that the SOP IIB05-0001, Attachment 9, III(A)(1), states as follows:

> Any informal grievance that alleges physical abuse or excessive force by staff is to be forwarded to the Grievance Coordinator by the Counselor within 2 business days of receipt. The Grievance Coordinator will ensure that the inmate is promptly issued a grievance form to formally address the allegation in this format if the inmate wishes to do so.

When an informal grievance alleges "physical abuse," as Plaintiff's informal grievance did, it should be forwarded to the Grievance Coordinator by the Counselor within two business days of receipt, and the Grievance Coordinator should ensure that the inmate is promptly issued a formal grievance form to address the allegation of physical abuse if the inmate wishes to do so. We reject Defendants' argument that after an inmate has filed an informal grievance, the Grievance Coordinator has to do nothing until the inmate comes forward and says he wants to file a formal grievance form. The SOP places the burden on the Counselor to forward the informal grievance to the Grievance Coordinator.

2

Thereafter, the Grievance Coordinator is obligated to ensure that the inmate is promptly issued a "formal grievance form" in order that the investigation can move forward. Here, the Defendants made no response whatsoever to Plaintiff's informal grievance, the informal grievance was not transmitted to the Grievance Coordinator within two business days, and neither the Counselor nor the Grievance Coordinator met with the inmate or provided any forms as required.

For this and various other reasons asserted by Plaintiff, we conclude that Plaintiff has adequately exhausted his administrative remedies in this case and that Plaintiff's § 1983 claim shall proceed in the district court on the merits. We conclude that Defendants' failure-to-exhaust defense lacks merit.

Accordingly, we reverse the district court's order dated August 13, 2008, vacate the dismissal without prejudice, and remand this case for proceedings on the merits of Plaintiff's claims.

**REVERSED, VACATED, and REMANDED.**